# FILED

NOT FOR PUBLICATION

JUN 08 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH CUNNINGHAM, Individually, on behalf of a class of others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MULTNOMAH COUNTY; DAN STATON, both individually and in his official capacity as Sheriff,<br><br>Defendants-Appellees. | No.   16-35267<br><br>D.C. No. 3:12-cv-01718-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted May 8, 2018
Portland, Oregon

Before:  RAWLINSON and NGUYEN, Circuit Judges, and GARBIS,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

The Multnomah County Inverness Jail (MCIJ) is a medium security facility operated by the Multnomah County Sherriff's Office that houses between seven and nine hundred inmates in a 225,000 square foot "open dormitory" configuration. Sentenced inmates are required to work within the facility, and may work as part of the kitchen staff. Since 2001, MCIJ has maintained an official policy to visually strip search kitchen work crews inside an adjacent "boot room" at the completion of their shift and prior to their return to the general prison population. During this process, inmates were in the presence of, and could see, other members of the group. In 2011, MCIJ installed privacy panels inside the "boot room" to prevent searched inmates from viewing each other.

From September to October, 2010, Joseph Cunningham was in custody at MCIJ and was assigned to the kitchen staff. In 2012, Cunningham filed a class action on behalf of himself and similarly situated inmates who were subjected to MCIJ's strip search policy, alleging constitutional violations under state law and the Fourth and Eighth amendments. Both parties filed cross-motions for summary

judgment. The district court denied Cunningham's motion for summary judgment and granted MCIJ's motion. Cunningham thereafter filed this timely appeal.[1]

The district court properly found that MCIJ's strip search policy did not violate the Fourth Amendment. In evaluating the reasonableness of the facility's policies, we consider "[1] the scope of the particular intrusion, [2] the manner in which it is conducted, [3] the justification for initiating it, and [4] the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (citations omitted).

Prisons have a legitimate penological interest in preventing the secretion of contraband by inmates returning from work assignments. *See Nunez v. Duncan*, 591 F.3d 1217, 1227-28 (9th Cir. 2010). The threat of harm MCIJ seeks to prevent is one arising from the secretion of contraband obtained by inmates through their exposure to the facility's kitchen. Undoubtedly, strip searches are a considerable violation of one's personal dignity. *See Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). However, even assuming that alternative measures could achieve the same results without strip searches, MCIJ's policy need not involve the least intrusive means to be reasonable under *Bell*. *See id.* at 334 n.3 (noting that

---

[1] Because the material facts were undisputed, we review whether the district court's summary judgment ruling was correct as a matter of law. *See Blue Lake Rancheria v. United States*, 653 F.3d 1112, 1115 (9th Cir. 2011).

3

the least intrusive means test for Fourth Amendment challenges brought by inmates has been rejected).

The scope of MCIJ's strip search policy was not unreasonable. MCIJ limited its search to a visual inspection of the kitchen crew. Where a facility's visual strip search is restricted to a discrete class of inmates, we have declined to find that the scope was unreasonably broad. *See,* e.g., *United States v. Fowlkes*, 804 F.3d 954, 961 (9th Cir. 2015) (upholding visual strip search of inmates at intake process).

Although the manner in which MCIJ conducted its pre-privacy panel searches was troublesome, the facility's unique administrative challenges justified its policy. MCIJ allocated two of its five escort deputies to oversee the search. Searches were conducted in groups of five or ten inmates at once while the remaining kitchen staff waited in a separate room. Given the facility's interest in safely administering the search, a group search was an expedient and reasonable strategy to deter improper conduct. *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1143 (9th Cir. 2011). Further, where, as here, the searches were performed by same-gender deputies and avoided any intrusive physical contact, such procedures have been held reasonable. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 339 (2012).

The "boot room" used by MCIJ to conduct the strip search contained one window that could be completely covered by an attached curtain. The location of a search conducted within view of other inmates will be reasonable so long as the inmates were afforded privacy from the general prison population. *See Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997) (rejecting the argument that strip searches must be conducted "out of view of the other prisoners").

Because MCIJ's pre-privacy panel search policy was reasonable under each *Bell* factor, summary judgment in favor of MCIJ was appropriate.[2] *See Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 977 (9th Cir. 2010).[3]

**AFFIRMED.**

---

[2] Because the post-panel searches were even less intrusive, no viable claim exists as to those searches either.

[3] Cunningham also sought relief under the Eighth Amendment. To prevail on a constitutional challenge predicated on the Eighth Amendment, "a plaintiff must show that the defendant: (1) exposed [him] to a substantial risk of serious harm; and (2) was deliberately indifferent to [his] constitutional rights." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (citation omitted). Cunningham's Eighth Amendment challenge fails because he did not raise a material issue of fact that MCIJ's strip search policy caused "the unnecessary and wanton infliction of pain." *Somers v. Thurman*, 109 F.3d 614, 622–24 (9th Cir. 1997) *as amended* (declaring a non-physical visual strip search of male inmate not sufficiently harmful to violate the Eighth Amendment).